WILLIAM C. BOILVIN *et al.*, plaintiffs in error, *v.* ALBERT G. EDWARDS *et al.*, defendants in error.

*Error to Peoria.*

An action of *assumpsit* was commenced in Jo Daviess county, and process directed to the sheriff thereof, which was returned *non est inventus.* A second summons was issued to Peoria county, and there served on the defendants. The declaration contained no averment respecting the residence of the parties, or the place where the cause of action arose, or was made payable. One of the defendants appeared and pleaded the general issue, but, at a subsequent term, obtained leave to withdraw his plea. A default was then entered against both defendants: *Held,* that the Court had no jurisdiction of the case, the declaration containing no averment that the cause of action arose in Jo Daviess county, and that the plaintiffs resided there at the commencement of the suit, or that the contract on which the action was founded, was specifically made payablé there.

ASSUMPSIT, in the Jo Daviess Circuit Court, brought by the defendants in error against the plaintiffs in error. Judgment by default was rendered against the defendants below, at the June term 1846, the Hon. Thomas C. Browne presiding, for the sum of $1630·74.

The proceedings in the cause, and other material facts, are sufficiently stated in the Opinion of the Court.

The case was submitted upon the written arguments of counsel, from which their points and authorities have been extracted.

*H. O. Merriman,* for the plaintiffs in error.

It is contended, and the law is well settled, that without the proper averments to give the Court jurisdiction over all parties against whom the suit is brought, the judgment is void, and will be reversed on error.

The Court had no power to order the writ to be sent to Peoria county, and the same having been served there, neither of the defendants below were compelled to pay any attention to the proceedings, the whole being void.

It is contended that the plea is an appearance. But the plea filed by W. C. Boilvin cannot give jurisdiction over the defendant, N. Boilvin.

It is also contended that the assertion of the clerk, "that the parties by their attorneys appeared," &c. was an appearance. This Court has decided that such an appearance is understood to be an appearance only of those who have previously appeared. 6 Pick. 232; 2 Gilm. 47.

Again, it is not contended that the Court had any jurisdiction over N. Boilvin; but the judgment being against both, and a unit, it must be reversed. *Smith* v. *Byrd*, 2 Gilm. 412.

The Court below allowed the plea and appearance to be withdrawn. From that time it was the same as if no appearance had been entered; and upon the evidence offered, the Court below ought, as it did,—the plea not having been authorized—to put the party in the same situation as if no appearance had been made. This rests in the discretion of the Court, and no objection seems to have been made by the defendants in error, and it cannot be objected to here.

The plaintiffs in error then moved the Court to dismiss the whole proceeding, but the Court overruled the motion.

Again, the judgment is not rendered by *nil dicit*, as is the case when the defendants are in Court, but by default, being solemnly called, &c.

It cannot be said, whatever force may be given to the appearance of Wm. C. Boilvin, it would be considered a voluntary appearance, and made after the service of the writ on N. Boilvin; it was not in the power of the former to give the Court jurisdiction over N. Boilvin, and he was "not found" in Jo Daviess county.

*E. B. Washburne,* for the defendants in error.

The Circuit Court of Jo Daviess county had jurisdiction of the subject matter.

The defendants were served with process in Peoria county by the sheriff of said county, August 4, 1842. They, therefore, had notice that the suit was pending against them.

A plea was filed, October 28, 1842, and on the first day of November, 1842, the cause was continued "by the agreement of the parties by their attorneys."

On the ninth day of June, 1846, the defendant, W. C. Boilvin, moved the Court to withdraw his plea and appearance, which was granted, and the plea was withdrawn. The appearance was not withdrawn.

After the verdict, the defendants moved to set aside the default, and dismiss the suit upon the affidavit of W. C. Boilvin, that the attorney who appeared in the case was not authorized to do so. The affidavit is not sufficient; it does not show that the attorney is irresponsible and unable to respond to the defendants in any damages they might recover against him for appearing without authority. Neither does it show that the judgment is unjust, or that the defendants have any defence to the action.

The appearance of an attorney without authority, is good. Bre. 258.

After a defendant has appeared and pleaded in a suit, it is too late to object to the jurisdiction of the Court over his person, where it has jurisdiction of the subject matter of the suit. 4 Scam. 569.

The jurisdiction of a Court is admitted by appearing and pleading in chief. 4 Scam. 279. This is a case in point.

Irregularity of process, whether the process be void or voidable, is cured by appearance without objection. 1 Scam. 250.

After appearance, it is too late to complain of irregularity. 3 Scam. 48.

The motion was to set aside the default and dismiss the suit. A motion to set aside the default is addressed to the sound discretion of the Court, and cannot be assigned for error. 1 Scam. 143.

There was no motion interposed in arrest of judgment.

The Opinion of the Court was delivered by

TREAT, J. This suit was commenced in the Jo Daviess Circuit Court, by Edwards, Rasin, and Cabanne against W.

C. & N. Boilvin. The declaration was in *indebitatus assumpsit*, without any averment respecting the residence of the parties, or the place where the cause of action arose, or was made payable. Process was directed to the sheriff of Jo Daviess county, and was by him returned not found. A summons was then sent to Peoria county, and was there served on both of the defendants. W. C. Boilvin filed a plea of *non assumpsit*, to which the plaintiffs at once added a *similiter*. Three days afterwards, this entry was made in the record: "By agreement of the parties by their attorneys, it is ordered by the Court, that this cause be continued at the costs of the plaintiffs." At a subsequent term, W. C. Boilvin obtained leave to withdraw his plea. The default of both defendants was then entered, and a jury assessed the plaintiffs' damages at $1630·74, for which amount judgment was rendered.

The Boilvins prosecute a writ of errror to reverse the judgment.

The only point in the case is one of jurisdiction. As a general rule, under our statute, original process cannot issue to any other county than the one in which the suit is commenced. The present case is not within any of the exceptions of the rule, as laid down in the case of *Key* v. *Collins*, 1 Scam. 403, and confirmed by repeated decisions of this Court. This is not a case where the suit is brought in the county in which one of several defendants resides, so as to authorize the sending of process to a foreign county, to bring in the other defendants. Here, the process was directed to a foreign county, against all of the defendants. To justify the issuing of such process to Peoria county, the plaintiffs should have averred in their declaration, either, that the cause of action arose in the county of Jo Daviess, and that they resided there at the commencement of the suit, or that the contract on which the action was founded, was, by its terms, specifically made payable in the latter county.

In the absence of both of these allegations, there is nothing to sustain the jurisdiction, unless the defendants voluntarily submitted their persons to the jurisdiction of the Court.

That unquestionably was done by W. C. Boilvin. He pleaded to the merits of the action, and thus conferred jurisdiction as far as he was concerned. It is insisted, that the entry on the record shows that his co-defendant entered his appearance and thereby invested the Court with complete jurisdiction over the case. This position is untenable. The order does not show a personal appearance of the parties, but an agreeement of the attorneys on record to continue the case. The attorney for the defence professed to appear for one defendant only. If he had been retained by the other defendant, he would in all probability have included him in the plea. The stipulation must be understood as made on behalf of the parties to the issue. If N. Boilvin had not been served with process, it would hardly be pretended that this entry of the clerk would afford any evidence of his appearance to the action. Why should it be evidence of an appearance in this case, when, without an actual appearance by him, the Court had no jurisdiction over his person. The jurisdiction of the Court in such a case ought clearly to appear on the face of the record, and not be left to inference or conjecture.

The judgment of the Circuit Court is reversed with costs.

*Judgment reversed.*